15-1446-cr
*United States v. Pass*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand sixteen.

PRESENT:  AMALYA L. KEARSE,
JOSÉ A. CABRANES,
DENNY CHIN,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
*Appellee,*

v.                                                                15-1446-cr

JAMES PASS,
*Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                    MELODY L. WELLS, Susan Corkery, Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT:     SUSAN G. KELLMAN, Law Offices of Susan G. Kellman, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On October 3, 2014, defendant-appellant James Pass pleaded guilty to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). He appeals from a judgment of conviction entered April 30, 2015, sentencing him principally to 71 months' imprisonment, followed by three years' supervised release with special conditions, including a curfew during the first six months.

Pass makes three principal arguments on appeal: (1) the district court committed procedural errors at sentencing; (2) the district court erroneously permitted Pass to represent himself at sentencing; and (3) the district court abused its discretion in refusing to adjourn the sentencing. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

*1.      Procedural Reasonableness*

Pass argues that the district court committed procedural error at his

sentencing principally by failing to calculate the Sentencing Guidelines range, rule on

objections to the presentencing report (the "PSR"), consider the factors set forth in 18

U.S.C. § 3553(a), and adequately explain the chosen sentence, including the special

condition of a curfew for six months of the term of supervised release.  Because Pass did

not object to those purported errors below, we review the district court's rulings for

plain error.  *See United States v. Wagner-Dano*, 679 F.3d 83, 89-90 (2d Cir. 2012).  To

establish plain error, the appellant must demonstrate that "(1) there is an error; (2) the

error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected

the appellant's substantial rights, which in the ordinary case means it affected the

outcome of the district court proceedings; and (4) the error seriously affects the fairness,

integrity, or public reputation of judicial proceedings."  *Id.* at 94 (quoting *United States v.*

*Marcus*, 560 U.S. 258, 262 (2010)).

While it would have been preferable for the district court to have

provided a fuller discussion of some of the issues raised at sentencing, *see United States*

*v. Molina*, 356 F.3d 269, 277 (2d Cir. 2004) (district court must explain its sentence "(1) to

inform the defendant of the reasons for his sentence, (2) to permit meaningful appellate

review, (3) to enable the public to learn why defendant received a particular sentence,

and (4) to guide probation officers and prison officials in developing a program to meet

- 3 -

defendant's needs"), we are satisfied that the district court "considered the parties' arguments" and had a "reasoned basis" for imposing the sentence it did, *Rita v. United States*, 551 U.S. 338, 356 (2007).  To the extent there was error, the error was not plain.

The court accepted the Probation Office's calculation of a Guidelines range of 57 to 71 months, based on an adjusted offense level of 18 and a criminal history category of VI.  The district court also explicitly discussed Pass's objections to the PSR and effectively overruled them by expressly accepting the findings of the PSR.  While it would have been preferable for the district court to have explicitly adopted a Guidelines calculation and ruled on any objections, "[a] sentencing court satisfies its obligation to clearly resolve disputed sentencing issues if it indicates, either at the sentencing hearing or in the written judgment, that it is adopting the recommendations of the probation officer in the PSR."  *United States v. Martin*, 157 F.3d 46, 50 (2d Cir. 1998) (internal quotation marks omitted).

The record also demonstrates that the district court considered the relevant factors under 18 U.S.C. § 3553(a).  "[T]he law does not impose 'any rigorous requirement of specific articulation' on sentencing judges with respect to their consideration of § 3553(a) factors."  *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (quoting *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005)).  "[W]e will not assume a failure of consideration simply because a district court fails to enumerate or discuss each § 3553(a) factor individually."  *Id.*  The record is clear that the district court

based its sentence in part on Pass's extensive and violent criminal history, including prior convictions for illegal gun possession and attempted robbery. Finally, although the district court did not give specific reasons for imposing a curfew as a special condition of supervised release, and again it would have been preferable for it to have done so, its reasons were evident from the record. The findings of the PSR, which the court adopted, showed that Pass had an extensive criminal history that included nighttime criminal activity and arrests, and that Pass had failed to comply with a curfew in the past. The record therefore justified the special condition. *See United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004) (concluding that, even if the district court failed to expressly articulate reasons for special conditions of supervised release, any error is harmless because the reasons were "self-evident in the record").[1]

2.      *Pass's Representation at Sentencing*

Pass's argument that he was erroneously permitted to proceed *pro se* at his sentencing proceeding is belied by the record. In fact, three attorneys for Pass were present at sentencing. Although Pass had asserted his right to proceed *pro se* at an earlier stage in the case, he later changed his mind, submitting a letter to the court, filed

---

[1]      Even if Pass's challenge to the curfew was not, as the parties have agreed, governed by plain error review, *see, e.g.*, *United States v. Simmons*, 343 F.3d 72, 80 (2d Cir. 2003) (concluding that, although a special condition of supervised release was not objected to at sentencing, strict plain error review was not warranted because the condition was not recommended in the PSR and the defendant had no prior knowledge it would be imposed), the purported error was harmless, and therefore still would not warrant vacatur. *See Balon*, 384 F.3d at 41 n.1.

May 27, 2014, stating, "I've decided not to proceed Pro se, and [to] let Ms. Brady represent me." App. at 59. Although he thereafter threatened to renew his request to proceed *pro se*, he never actually did so, as he continued to consider the issue for months. "[E]ven after the right to proceed *pro se* has been clearly and unequivocally asserted, the right may be waived through conduct indicating that one is vacillating on the issue or has abandoned one's request altogether." *United States v. Barnes*, 693 F.3d 261, 271 (2d Cir. 2012) (internal quotation marks omitted). Moreover, the district court expressly denied Attorney Brady's application to withdraw as counsel prior to the sentencing and again at sentencing. Hence, the record is clear that Pass was represented by counsel at sentencing.

*3. The Denial of an Adjournment*

Finally, Pass argues that the district court abused its discretion in denying an adjournment of the sentencing. "[W]e review the district court's decision not to grant a continuance for time to prepare for an abuse of discretion. The sole requirement of such a denial is that it be reasonable under the circumstances." *United States v. Hurtado*, 47 F.3d 577, 584 (2d Cir. 1995) (citation omitted).

We note initially that, in our view, Pass's request for an adjournment was not unreasonable. There was a lack of clarity as to the role of Attorney Kellman, as the district court had appointed her to represent Pass and refused to grant Attorney Brady's request to be relieved. Moreover, Kellman had not been able to meet with Pass (in part

- 6 -

because he had refused to meet with her when she went to the prison to see him).  And

Pass claimed at sentencing that he had not been able to review the PSR with his

attorneys.[2]

In light of these circumstances, it would have been advisable for the

district court to have allowed a brief adjournment or even a short recess for counsel to

consult with Pass about these matters.  Nonetheless, we conclude that the district court

did not abuse its discretion.  The district court was understandably disinclined to

permit any further delays, as the case had been pending for more than a year and there

had been ten conferences or hearings in the case.  On at least two occasions, Pass

refused to appear for court.  Pass also equivocated for months on whether he wanted to

proceed *pro se* and requested numerous continuances to consider the decision.  Then, as

sentencing approached, Pass refused to meet with his counsel.  The district court had

latitude to address these difficulties, and under the circumstances, the district court did

not abuse its discretion in refusing to grant a last-minute request for an adjournment.

---

[2]    Federal Rule of Criminal Procedure 32(i)(1)(A) requires that, "[a]t sentencing, the court . . . must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." Fed. R. Crim. P. 32(i)(1)(A).  Pass had stated in a letter to the district court, however, that he had "several objections [to the PSR], which [he] discussed with [his] attorney."  Gov't App. at 90.

We have considered all of Pass's additional arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is

**AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk